UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**VIONARISSA CORR,**

    Plaintiff,

v.                              **No. 4:25-cv-00551-P**

**TARGET CORPORATION,**

    Defendant.

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant's Motion for Summary Judgment. ECF No. 13. Having considered the relevant docket entries, applicable law, and relevant facts, the Court hereby **ORDERS** that the Motion is **GRANTED**.

## BACKGROUND

On December 17, 2022, Plaintiff, Vionarissa Corr went to shop at Defendant Target's store in Euless, TX, where she suffered a fall. As surveillance video evidence submitted by Defendant shows, while walking towards her shopping cart previously being held by her daughter, Plaintiff fell on an off-white colored tiled floor near the check out lane. It is undisputed that she slipped on a puddle of water that caused her to fall.

Accordingly, Plaintiff brought suit in state court before Defendant removed the case to this court. Plaintiff brings a claim of premises liability and asks for damages based on her resulting injuries. Defendant then moved for summary judgment. ECF No. 13. That Motion is now ripe for review.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact" and "is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute is

"genuine" if the evidence presented would allow a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 242–43 (1986). And a fact is "material" when it might affect the outcome of a case. *Hobby Distillers Ass'n v. Alcohol and Tobacco Tax and Trade Bureau*, 740 F. Supp. 3d 509, 517 (N.D. Tex. 2024). When determining whether summary judgment is appropriate, the Court views the evidence in the light most favorable to the nonmovant. *First Am. Title Ins. Co. v. Cont'l Cas. Co.*, 709 F.3d 1170, 1173 (5th Cir. 2013). In conducting its evaluation, the Court may rely on any admissible evidence of record but need only consider materials cited by the parties. FED. R. CIV. P. 56(c)(1)–(3).

But, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992), *cert. denied*, 506 U.S. 832 (1992). The party against granting summary judgment must identify particular and specific evidence in the record and articulate the precise way that the evidence supports denying summary judgment. *See Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994). Unsubstantiated assertions are not competent summary judgment evidence. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

## ANALYSIS

Plaintiff fails to assert facts showing any reasonable dispute that Defendant was on notice of the water spillage. That alone is enough to grant summary judgment.

To prevail on a premises liability claim, "a plaintiff must prove four elements: '(1) Actual or constructive knowledge of some condition on the premises by the owner/operator; (2) That the condition posed an unreasonable risk of harm; (3) That the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and (4) That the owner/operator's failure to use such care proximately caused the plaintiff's injuries.'" *Seigler v. Wal-Mart Stores Tex., LLC*, 30 F.4th 472, 479 (5th Cir. 2022) (quoting *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998)). The duty to take "reasonable care"

2

mentioned in factor three is "a duty to make safe or warn against any concealed, unreasonably dangerous conditions of which the landowner is, or reasonably should be, aware of." *Turner v. Samsung SDS Am., Inc.*, No. 3:18-CV-02503-E at *3 (N.D. Tex. Mar. 5, 2020) (citing *Austin v. Kroger*, 465 S.W. 3d 193, 203) (Tex. 2015)). Liability accordingly does not extend to conditions which the owner did not have actual or constructive notice of. But if the condition was not reasonably discoverable then the owner did not have constructive notice.

For a condition to be reasonably discoverable, courts consider "(1) the proximity of employees to the condition, (2) the conspicuousness of the condition, and (3) the length of time it existed." *Yerian v. Wal-Mart Stores, Tex., LLC*, No. 6:18-cv-00087, 2020 WL 1430384, at *2 (E.D. Tex. Mar. 23, 2020) (citing *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 567–68 (Tex. 2006)); *Shirley v. Wal-Mart Stores Tex., L.L.C.*, No. 17-20298, at *3 (5th Cir. Oct. 30, 2017). Proximity must be paired with a sufficient amount of time having elapsed for the condition to be discovered. *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 816 (Tex. 2002). Clear liquid on a light tiled floor, as is true here, is not conspicuous as a matter of law. *Yerian*, 2020 WL 1430384, at *3 (citing *Reece*, 81 S.W.3d at 816).

Here, Plaintiff has made no assertion as to when the liquid fell on the floor. Plaintiff has also asserted no evidence that Target caused the condition or actually had notice of the condition, outside of baseless assertions that it may have leaked from a machine and that a nearby employee would have been tasked with monitoring the floor. Nevertheless, the main problem for Plaintiff is that there is no evidence of how long the water was on the floor. So there is no evidence to credibly assert it was there long enough to be reasonable discoverable. It also hurts Plaintiff's case that the water was clear on a light-tiled floor—an inconspicuous condition as a matter of law. In fact, almost 100 people walked by that exact spot in the seconds and minutes leading up to the fall as the video demonstrates, and there is no evidence that a single person noticed the spillage.

Lastly, Plaintiff contends that the video footage may not be relied on because it belonged to Defendant and thus is self-serving. But that fact

is inconsequential because there is no evidence that the video was altered or tampered with in any fashion.

In short, because Defendant had no actual or constructive notice of the water, Plaintiff's premises liability claim fails as a matter of law because the dangerous condition was not reasonably discoverable.

## CONCLUSION

Defendant has carried its burden to show that Plaintiff has no evidence of one or more elements of its claim and has shown that it is entitled to judgment as a matter of law. Therefore, the Court **GRANTS** Defendant's Motion for Summary Judgment. The case is hereby **DISMISSED with prejudice**.

**SO ORDERED** this **2nd day of April 2026.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

4